**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
**PEDRO SOLER,** :
: **Civil Action No. 18-9748 (ES)**
Petitioner, :
:
v. : **MEMORANDUM OPINION**
:
**GEORGE ROBINSON,** :
:
Respondent. :
_____:

**SALAS, DISTRICT JUDGE**

It appearing that:

1. This matter is before the Court upon the submission of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by Pedro Soler ("Petitioner"). (D.E. No. 1, Petition ("Pet.")). Respondent moves to dismiss the Petition on timeliness grounds (D.E. No. 15 ("Mot.")).

2. In the Petition, Petitioner challenges his conviction under Union County Indictment No. 06-02-147.[1] (Pet. ¶ 5). After a jury trial in 2008, Petitioner was convicted of second degree sexual assault in violation of N.J.S.A. 2C:14-2(c)(1) and 2(c)(3)(B) and sentenced to eighteen years imprisonment. (Mot., Ex. Ra2). Petitioner appealed, and the Appellate Division affirmed the conviction and sentence but remanded to the trial court to correct two errors in the judgment of conviction. *State v. Soler*, No. A-3533-08T4, 2011 WL 6845889 (N.J. Super. Ct. App. Div.

---

[1] It appears Petitioner had two separate criminal cases in state court around the same time. The Petition clearly challenges his case under Indictment No. 06-02-147. (Pet. ¶ 1(b)).

Dec. 30, 2011). The trial court entered the amended judgment of conviction on January 10, 2012. (Mot., Ex. Ra 15). The New Jersey Supreme Court denied certification on June 8, 2012. *State v. Soler*, 45 A.3d 983 (N.J. 2012).

3. On March 14, 2014, Petitioner submitted his first petition for post-conviction relief ("PCR"). (Mot., Ex. Ra8). On February 13, 2015, the PCR court denied the petition. (*Id.*, Ex. Ra10). On April 23, 2015, Petitioner filed his notice of appeal (*Id.*, Ex. Ra11), and on January 23, 2017, the Appellate Division affirmed the PCR court's decision, *State v. Soler*, No. A-3745-14T1, 2017 WL 281007 (N.J. Super. Ct. App. Div. Jan. 23, 2017). On March 1, 2017, Petitioner filed a petition for certification (Mot., Ra13), which the New Jersey Supreme Court denied on November 17, 2017, *State v. Soler*, 175 A.3d 169 (N.J. 2017).

4. On March 22, 2018, Petitioner filed a second PCR petition, which was denied on September 18, 2018. (Mot., Exs. 15 & 16). His appeal to the Appellate Division was rejected on May 6, 2019, because it was filed untimely and without permission. (*Id.*, Exs. 17 & 18).

5. On May 21, 2018, Petitioner filed the instant Petition with this Court.[2] (D.E. No. 1). On June 4, 2019, as permitted by the Order to Answer entered by the Court (D.E. No. 7), Respondent filed a motion to dismiss the Petition on timeliness grounds (D.E. No. 15). Petitioner did not file any opposition.

6. The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d), which states in relevant part:

---

[2] For purposes of the statute of limitations inquiry, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir.1998); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir.2013) (describing prisoner mailbox rule generally).

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

7. Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

8. The AEDPA limitations period is tolled, however, during any period a properly filed PCR petition is pending in the state courts. 28 U.S.C. § 2244(d)(2); *see also Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013). The PCR petition is considered pending, and the AEDPA limitations period continues to be tolled, during the time the petitioner could have appealed a PCR decision within the state courts, even if the petitioner did not in fact file such an appeal. *Carey v. Saffold*, 536 U.S. 214, 219–21 (2002); *Swartz v. Meyers*, 204 F.3d 417, 420–24

(3d Cir. 2000) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)). However, "[t]he application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

9. Here, Petitioner's judgment became final on September 7, 2012, when the ninety-day period for filing a petition for writ of certiorari with the United States Supreme Court on direct appeal expired. The statute of limitations period began to run the following day and expired one year later, on September 8, 2013. Though Petitioner filed a PCR petition on March 14, 2014, his one-year statute of limitations period had already expired six months earlier, and the PCR petition could not toll or revive his time. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because . . . the limitations period had already run when it was filed."); *Woodson v. Attorney Gen. New Jersey*, No. 16-3288, 2016 WL 9460442, at *1 (3d Cir. Nov. 22, 2016) (statutory tolling inapplicable when PCR petition was filed after the expiration of AEDPA's one-year limitations period). Accordingly, absent equitable tolling, the Petition is barred by the statute of limitations.[3]

10. In *Holland v. Florida*, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649–50 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights

---

[3] In addition to the time that ran between Petitioner's conviction becoming final and the filing of his PCR petition, additional time also ran during gaps in his PCR proceeding, *see Alvarenga v. Lagana*, No. 13-4604, 2016 WL 3610156, at *1 (D.N.J. July 1, 2016) ("When an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of time to appeal and when the appeal was actually filed"), and between the completion of his PCR proceedings and the filing of his habeas petition.

4

diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Jenkins*, 705 F.3d at 89.

11. The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 560 U.S. at 653. Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (internal quotation marks and citations omitted).

12. The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. *Holland*, 560 U.S. at 651 (citations omitted); *see also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005) (internal quotation marks and citation omitted) (emphasis in original); *see also Holland*, 560 U.S. at 653–54; *Jenkins*, 705 F.3d at 89 (holding equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair") (internal quotation marks and citations omitted).

13. In his Petition, Petitioner fails to set forth any basis for the equitable tolling of his limitations period; he did not file a response to Respondent's Motion; and the Court perceives no basis for equitable tolling. Consequently, the Court will dismiss the Petition as untimely.

14. AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, the United States Supreme Court held:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 484 (2000). The Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

15. An appropriate order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**